USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE EISNER ADVISORY GROUP, LLC
DATA BREACH LITIGATION
In all related cases

25-CV-03044 (MMG)

**MEMORANDUM &
ORDER**

MARGARET M. GARNETT, United States District Judge:

This consolidated action comprises multiple cases arising from an alleged data breach involving Eisner Advisory Group, LLC ("Defendant") that occurred in September 2023. *See* Dkt. No. 13 at 2. Before the Court is Defendant's unopposed motion to transfer the case to the United States District Court for the District of Minnesota. *See* Dkt. Nos. 26, 27. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

Plaintiffs David Fallen, Chris Ouellette, Hannah Watzka, and Timothy Rushing ("Plaintiffs") initiated four separate actions in this Court between April 11 and April 15, 2025. *See* Dkt. No. 1; *Ouellette v. Eisner Advisory Group LLC*, No. 25-CV-03069, Dkt. No. 1; *Watzka v. Eisner Advisory Group LLC*, No. 25-CV-03081, Dkt. No. 1; *Rushing v. Eisner Advisory Group LLC*, No. 25-CV-03102, Dkt. No. 1. Fallen and Ouellette moved to consolidate the cases shortly thereafter. *See* Dkt. No. 8; *Ouellette v. Eisner Advisory Group LLC*, No. 25-CV-03069, Dkt. No. 6. All four cases were designated as related and assigned to the undersigned on April 30, 2025. That same day, the Court ordered the consolidation of the four cases and any other cases naming Defendant in connection with the alleged data breach. *See* Dkt. No. 13.

On June 13, 2025, at the joint request of the parties, the Court stayed the case pending an anticipated mediation scheduled for September 25, 2025. *See* Dkt. No. 18. The Court lifted the stay on November 5, 2025, after the parties advised that they had failed to reach a settlement.

1

*See* Dkt. No. 20.  Plaintiffs filed a Consolidated Class Action Complaint on November 21, 2025. *See* Dkt. No. 22.

On December 19, 2025, Defendant filed a motion to transfer the consolidated action to the District of Minnesota, *see* Dkt. No. 26, which stayed Defendant's deadline to respond to the Consolidated Class Action Complaint pursuant to a scheduling order previously issued by the Court, *see* Dkt. No. 24.  On February 19, 2026, Plaintiffs filed a notice stating that they do not oppose Defendant's motion to transfer venue.  *See* Dkt. No. 34.

## DISCUSSION

Transfer of venue is governed by 28 U.S.C. § 1404.  That statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404.  District courts have "wide latitude to decide whether to transfer venue." *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013).  Generally, a court must engage in a two-step inquiry: first determining whether venue is proper in the transferee district and then determining whether transfer will serve the parties' convenience and the interests of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

As to the first step, venue is proper in the District of Minnesota.  Federal subject matter jurisdiction exists under 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from Defendant.  Such an action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b). That standard is met here. Defendant has established that "a substantial part of the events" transpired in the District of Minnesota because that is where the data breach and related activities giving rise to Plaintiff's claims occurred. *See* Dkt. Nos. 28-1, 28-2. Venue in the District of Minnesota is therefore proper.

As to the second step, transferring venue to the District of Minnesota promotes the parties' convenience and the interest of justice. The convenience inquiry considers, *inter alia*, "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006).

The relevant factors, considered together, strongly favor transfer. Plaintiffs' choice of forum carries minimal weight where, as here, they bring a nationwide putative class action, and none of them resides in this forum; in addition, all named Plaintiffs have indicated that they do not oppose the transfer. *See In re Bystolic Antitrust Litig.*, No. 20-CV-05735 (LJL), 2021 WL 148747, at *3 (S.D.N.Y. Jan. 15, 2021); *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (S.D.N.Y. 2016). Minnesota is the locus of the events giving rise the claims in the case, and the likely witnesses—individuals whose work related to the data breach—mostly are located there. *See* Dkt. No. 28-1 ¶¶ 15–21. For similar reasons, the location of relevant documents, the convenience of the parties, and the availability of legal process also favor transfer. The relative means of the parties is inconclusive on the existing record and is therefore neutral. Finally, the

interests of justice favor transfer given the case's strong connection to Minnesota and the fact that another action arising out of the same facts is currently pending in the District of Minnesota, *see In re Eisner Advisory Group Data Breach Litigation*, No. 25-CV-01409 (D. Minn). The Court thus finds transfer of venue appropriate.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 26, TRANSFER the consolidated cases to the United States District Court for the District of Minnesota, and CLOSE this case.

Dated: February 25, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge